## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JEREMY L. NEWGER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CONTACT, LLC, SUTHERLAND GLOBAL SERVICES, INC., EGS FINANCIAL CARE, INC., and IENERGIZER HOLDINGS LIMITED,<br><br>Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-00039<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes JEREMY L. NEWGER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FIRST CONTACT, LLC ("First Contact"), SUTHERLAND GLOBAL SERVICES, INC. ("SGS"), EGS FINANCIAL CARE, INC. ("EGS"), and IENERGIZER HOLDINGS LIMITED ("iEnergizer") (collectively, "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

## PARTIES

4.  Plaintiff is a consumer over-the-age of 18 and a resident of the State of Missouri.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  First Contact is a Minnesota limited liability company with its principal place of business located at 200 Central Avenue, 5th Floor, St. Petersburg, Florida 33701. First Contact specializes in providing debt collection services to its clients in the financial services industry. First Contact regularly and systematically does business in Missouri and across the United States. First Contact regularly attempts to collect debts allegedly owed by consumers residing in Missouri.

7.  SGS is a corporation organized under the laws of the State of New York and its principal place of business is located at 1160 Pittsford Victor Road, Pittsford, New York 14534. SGS specializes in providing debt collection services to its clients in the financial services industry. SGS regularly and systematically does business in Missouri and across the United States. SGS regularly attempts to collect debts allegedly owed by consumers residing in Missouri.

8.  EGS is a corporation organized under the laws of the State of Pennsylvania and its principal place of business is located at 5161 California Avenue, Suite 100, Irvine, California 92617. EGS specializes in providing debt collection services to its clients in the financial services industry. EGS regularly and systematically does business in Missouri and across the United States. EGS regularly attempts to collect debts allegedly owed by consumers residing in Missouri.

9.  iEnergizer's principal place of business is located at 11009 Metric Blvd., Austin, Texas 78758. iEnergizer specializes in providing debt collection services to its clients in the financial

services industry. iEnergizer regularly and systematically does business in Missouri and across the United States. iEnergizer regularly attempts to collect debts allegedly owed by consumers residing in Missouri.

10. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

12. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

13. The instant action stems from Defendants' attempts to collect upon a defaulted personal credit card debt ("subject debt") that Plaintiff purportedly owed to Credit One Bank, N.A. ("Credit One").

14. Plaintiff incurred the subject debt in order to purchase personal household goods and/or services.

15. Several months ago, Plaintiff began receiving calls to his cellular phone, (469) XXX-4454, from Defendants.

16. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4454. Plaintiff is and always has been financially responsible for the cellular phone and its services.

17. Defendants have used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (646) 455-3057, (786) 837-8723, (469) 640-7032, (469) 640-3575, and (469) 640-3575.

18. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendants during their debt collection activity.

19. Upon answering calls from Defendants, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

20. Upon speaking with Plaintiff, Defendants individually represented themselves as Credit One and informed Plaintiff that they were attempting to collect upon the subject debt.

21. Defendants' harassing collection campaign caused him to demand that they cease contacting him.

22. Despite Plaintiff's demands and the information provided to Defendants, Plaintiff continued to receive systematic collection calls from Defendants for several months thereafter.

23. Despite Defendants lacking permission to call Plaintiff's cellular phone, Defendants still placed not less than 150 phone calls to Plaintiff's cellular phone.

24. Moreover, Plaintiff has not received any correspondence from Defendants since they initiated their respective collection campaigns.

25. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

27. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendants is a "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendants violated §1692c(a)(1), d, and d(5) when they continuously called Plaintiff after being notified to stop. Defendants called Plaintiff at least 150 times after he demanded that they stop.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information

was harassing and abusive. The frequency and nature of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

35. Defendants were notified by Plaintiff that their calls were not welcomed. As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10);

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11); and

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

38. Defendants violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendants stop contacting him, Defendants continued to contact him via automated calls. Instead of putting an end to this harassing behavior, Defendants systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer their calls and ultimately make a payment. Through

6

their conduct, Defendants misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when they no longer had consent to do so.

39. Defendants violated 15 U.S.C. §§ 1692e, e(10), and e(11) through their failure to disclose themselves as debt collectors. By failing to disclose themselves as debt collectors, Defendants deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendants' objective was to obfuscate their status as debt collectors in order to prevent Plaintiff from enforcing his rights.

40. Defendants violated 15 U.S.C. §§ 1692e, e(10), and e(14) by using a name other than the true name of their businesses when they falsely held themselves out to be Credit One during phone calls with Plaintiff.

    **c.  Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 150 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

    **d.  Violations of FDCPA § 1692g**

43. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing

the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

44. Defendants violated § 1692g by failing to provide the written information required within five days after the respective initial communications with Plaintiff.

45. As pled in paragraphs 25 through 27, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, JEREMY L. NEWGER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendants from further contacting Plaintiff; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

46.   Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendants used an ATDS in connection with their communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendants' continued contacts with Plaintiff after he demanded that the phone calls stop further demonstrates Defendants' use of an ATDS.  Moreover, the nature and frequency of Defendants' contacts points to the involvement of an ATDS.

49. Defendants violated the TCPA by placing at least 150 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendants will likely assert transferred down, was specifically revoked by Plaintiff's demands that they cease contacting him.

50. The calls placed by Defendants to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call. Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JEREMY L. NEWGER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendants from placing any more phone calls to Plaintiff's cellular phone;

    c.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    d.  Awarding Plaintiff costs and reasonable attorney fees;

    e.  Enjoining Defendants from further contacting Plaintiff; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 21, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com