# EXHIBIT A

**American Arbitration Association**

| | |
|---|---|
| In the Matter of the Arbitration Between: ) | |
| ) | |
| **JEREMY L. NEWGER** ) | |
| ) | Case No. 01-19-00002-0341 |
| Claimant, ) | |
| v. ) | Arbitrator David W. White |
| ) | |
| **CREDIT ONE BANK, NA** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## DECISION ON DISPOSITIVE MOTION AND FINAL AWARD

Respondent filed it Dispositive Motion on October 11, 2019. Thereafter, the Claimant responded and a reply was filed by Respondent. This Arbitrator, on December 6, 2019, through his Interim Decision regarding Respondent's Dispositive Motion, stated that an undisputed statement of fact existed regarding Claimant's allegation existed concerning his alleged revocation of his prior consent for Respondent to contact him via his cell phone. The Claimant was allowed until January 3, 2020, to file some sort of sworn evidence that disputed Respondent's undisputed statement of fact. On December 31, 2019, Claimant submitted his sworn affidavit. Based on the pleadings and supplemental submissions by the parties, this Arbitrator finds as follows:

1. Claimant applied for a credit card from Respondent in October 2016.

2. Claimant's application was submitted electronically on Respondent's form, which included an Acceptance Certificate (hereafter referred to as "the Certificate"), which stated on the reverse side:

   > **COMMUNICATIONS:** (1) You are providing express written permission and consent authorizing us or our agents to contact you at any phone number (including mobile, cellular, wireless or similar devices) or email address you provide at any time, for any lawful purpose. The ways in which we may contact you include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, test/SMS message or

1

email. …. (3) **Revocation**: If you do not want to receive communications as described above, you must provide us with written notice revoking your consent. Complete details will be in the Agreement sent with your card.

3. After approving Claimant's application, Respondent mailed to Claimant a credit card and a Visa/Mastercard Cardholder's Agreement (hereafter referred to as "the Agreement"), which also stated that:

   > **(c) COMMUNICATION REVOCATION:** If you do not want to receive communications as described in the previous paragraph, <u>**you must**</u>: **(i)** provide us with written notice revoking your prior consent, **(ii)** in that written notice, you must include your name, mailing address, and the last four digits of your Account number; **(iii)** advise whether you would like communications to cease via mail, telephone number(s), email, text/SMS, or cease in all forms; **(iv)** if you are requesting communications to cease via telephone number(s) and/or email, please provide the specific phone number(s) and email address; **(v)** you must send this written notice to: Attention – Credit One Bank Customer Service, P.O. Box 98850, Las Vegas, NV 89193-8850.

4. Thereafter, Claimant failed to make the required payments on the credit card.

5. Respondent contacted Claimant on his cell phone to collect the past due debt. The cell phone number had been voluntarily provided by Claimant to Respondent as part of his credit card application.

6. Though disputed by Respondent, Claimant alleges that he, on several occasions between November 2018 and continuing throughout 2019, orally told the caller from Respondent that he did not want to be contacted via his cell phone.

7. However, contrary to the terms of the Certificate and the Agreement, Claimant does not allege that he ever informed Respondent in writing of his revocation of his prior consent to be contacted via his cell phone.

8. The requirement of notification of revocation of consent in writing was part of a bilateral agreement between Claimant and Respondent which was contained in both the Certificate and the Agreement. Claimant by submitting his application

2

and, later, by using the credit card that was issued consented to the terms expressed therein.

9. Claimant cannot unilaterally modify the terms of the Certificate and/or the Agreement. Those modifications could only occur with the agreement of Respondent and there is no allegation that such agreement was ever given. Therefore, the only means by which Claimant could effectively revoke his consent would have been in writing as set out in terms contained in those documents.

10. No such written notification of revocation is alleged by Claimant, so he did not comply with the terms of the bilateral agreement to which he entered with Respondent.

11. Without that revocation, the Claimant has failed to meet the initial element of his case. Therefore, the other issues presented need not be addressed.

WHEREFORE, this Arbitrator holds

1. Grants Respondent's Dispositive Motion;
2. The parties shall bear their own legal fees and expenses;
3. The administrative fees of the American Arbitration Association shall be borne as incurred;
4. The Arbitrator's fee shall also be borne as incurred; and
5. Claimant's case is hereby dismissed with prejudice.

IT IS SO ORDERED.

_____  
2/4/2020  
Date

_____  
**DAVID W. WHITE, Arbitrator**