UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **JEREMY L. NEWGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00039-SNLJ |
| | ) |
| **FIRST CONTACT, LLC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants EGS Financial Care Inc. and First Contact, LLC.'s Motion for Judgment on the Pleadings as to Count II of Plaintiff's Complaint. (ECF #27). For the reasons that follow, that motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, Jeremy Newger, brings an action for damages against defendants pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*., alleging defendants engaged in a "harassing collection campaign" after he failed to pay debts owed on his personal credit card. The credit card was issued by Credit One Bank, N.A., a non-party to this case. Plaintiff focuses his claims, instead, against defendants who were tasked with collecting the amounts owed to Credit One. Plaintiff says defendants "placed not less than 150 phone calls to [his] cellular phone" despite plaintiff's oral demand that they stop contacting him.

1

Defendants seek judgment on Count II, the TCPA-related claim, arguing it is barred by the doctrine of defensive collateral estoppel. Defendants argue plaintiff lost what was essentially the same claim made against Credit One in a prior arbitration. The arbitral award was attached to defendants' motion, which this Court will consider—being essentially a final judgment—without converting defendants' motion into one for summary judgment. *See von Kaenel v. Armstrong Teasdale, LLP*., 943 F.3d 1139, 1143 (8th Cir. 2019) (noting courts may consider "orders" despite being a "matter outside the pleadings" and electing to consider state court proceedings that neither party challenged the authenticity of); *Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998) ("[A]n arbitrator's award constitutes a final judgment."). That award granted judgment in favor of Capital One on plaintiff's claims, concluding that plaintiff never appropriately revoked his consent to receive calls to his cell phone to collect past-due debts. (ECF #28-1, p. 2). The case was then "dismissed with prejudice." Defendants say Count II is, thus, nothing more than an attempt to circumvent the arbitral award that should be estopped.

## II. ANALYSIS

In considering whether collateral estoppel—or issue preclusion—applies, courts consult state law. *See Peschong v. Children's Healthcare*, 917 F.3d 656, 658 (8th Cir. 2019); *Graybar Elec. Co., Inc. v. Federal Ins. Co*., 567 F.Supp.2d 1116, 1123 (E.D. Mo. 2008). Generally speaking, "an arbitration award may constitute a final judgment on the merits" under Missouri law. *Melnuk v. Hillman*, 593 S.W.3d 674, 680 (Mo. App. E.D. 2020); *but see Graybar Elec Co., Inc*., 567 F.Supp.2d at 1124 (noting an arbitration

2

award may have limited or no preclusive effect where the arbitration decided state claims that touch upon "important" and "non-arbitrable federal claims"). Collateral estoppel operates to prevent a party or its privies from relitigating facts or questions at issue between the same parties [or privies] which have been previously adjudicated upon the merits." *Pratt v. Purcell Tire and Rubber Co., Inc.*, 846 S.W.2d 230, 232 (Mo. App. E.D. 1993). Collateral estoppel only applies when:

> (1) the issue in the present case is identical to an issue decided in the prior adjudication;
> (2) the court in the prior adjudication rendered a judgment on the merits;
> (3) the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and
> (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Premium Investments, LLC v. Lowther Johnson, Attorneys at Law, LLC*, 575 S.W.3d 744, 753 (Mo. App. S.D. 2019). Defensive collateral estoppel—what defendants seek to utilize in this case—"generally involves a defendant invoking the doctrine to prevent a plaintiff from relitigating a fact decided against the plaintiff in earlier litigation that is necessary for the plaintiff to establish and carry his burden of proof." *Id*. "Allowing such use defensively serves to prevent the potential of collusive litigation and to promote finality, consistency and judicial economy." *Id*. Thus, in the application of these factors, a court may grant a motion for judgment on the pleadings based on defensive collateral estoppel. *See, e.g., Peschong,* 917 F.3d at 658*; Schoenfeld v. U.S. Resort Management, Inc*., 2007 WL 2908622 at *3 (W.D. Mo. Oct. 4, 2007).

In this case, there is no serious dispute that the arbitral award dispensed of the issue of plaintiff's consent to be called regarding debt he owed. The arbitrator concluded

3

that, by agreement of plaintiff and Credit One, plaintiff agreed to provide "written notice" to Credit One of any intent to revoke consent to communications regarding debts owed. Under the facts presented to the arbitrator, which have not been challenged, plaintiff only provided oral notification of his revocation—apparently to defendants during their many phone calls. So, at first glance, the arbitral award appears to favor applying collateral estoppel. But that result does not hold, plaintiff says, because "the arbitration award was [never] confirmed" and, even then, "[a]bsent from the arbitrator's award are any findings as to the nature or existence of a principal-agent relationship between [Credit One] and [the defendants]." On this latter point, plaintiff says defendants, in order to defeat Count II, "would have to establish that they were [Credit One's] 'agents' under the terms of the contract" that required written, and not oral, revocation. And in support, plaintiff points to a 117-year-old case from the Eighth Circuit that details how a principal who "cannot control and direct" someone means that person is not the principal's agent. *Nat'l Sur. Co. v. State Bank of Humboldt, Neb.*, 120 F. 593, 597 (8th Cir. 1903).

Plaintiff's argument misses the mark. First, it does not matter that the award is unconfirmed. Plaintiff is out of time to contest the arbitral award. *See* 9 U.S.C. § 12 (providing three months to vacate, modify, or correct an award). And, in any event, "the fact that the award … was not confirmed by the court … does not vitiate the finality of the award." *Wellons, Inc. v. T.E. Ibberson* Co., 869 F.2d 1166 (8th Cir. 1989). Simply put, collateral estoppel can apply to unconfirmed awards. *See M.J. Woods, Inc. v. Conopco, Inc.*, 271 F.Supp.2d 576, 586 (S.D.N.Y. 2003).

4

Second, plaintiff's complaint reveals the several flaws in his agency argument. Anticipating the very issue raised in defendants' motion, plaintiff's complaint states that

> Defendants violated the TCPA by placing at least 150 phone calls to Plaintiff's cellular phone using an ATDS without his consent. *Any consent that Plaintiff may have given to the originator of the subject debt*, which Defendants will likely assert transferred down, *was specifically revoked by Plaintiff's demands that they cease contacting him*.

(emphasis added). The arbitrator resolved the now-disingenuous suggestion that plaintiff "may" have given consent to be contacted: He *did* give his consent, and he gave his consent through operation of a written agreement that required revocation by writing. Thus, "[p]laintiff's demands that *they* cease contacting him," oral in nature, were insufficient. (emphasis added). That is the essential holding of the arbitral award. Moreover, the arbitrator really had no need to consider specifically *who* was making the call. Earlier in the award, he highlighted the pertinent agreement's language that plaintiff agreed to "communications" by "*us or our agents*," to "contact you at any phone number … for any lawful purpose." (emphasis added). So, unless the issue of delineating between "us" or "agents" became germane, and it did not, the arbitrator had no reason to refer to anyone other than Credit One generally as the debt holder.

Simply put, plaintiff elected to engage in an arbitration that decided the issue of his consent, and he elected to do so on the premise that "respondent" generically referred to the efforts of Credit One and/or its agents as set forth in the credit agreement. The award tacitly refers to the actions of anyone who would have called on Credit One's behalf to collect the debt at issue in both this case and the arbitration. That much is made clear by plaintiff's acknowledgment that he gave "consent to the originator," an

5

individual, but later "demanded that they," plural, "cease contacting him." This Court will not permit the hair-splitting plaintiff now seeks to engage in as a means of destroying an otherwise valid arbitration award. Therefore, giving the appropriate preclusive effect to the arbitral award, this Court concludes plaintiff cannot show that defendants' calls were not "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A); *see also Schoenfeld*, 2007 WL 2908622 at *3 (granting judgment on the pleadings where arbitrator decided issue against one party that equally applied to another). Judgment will be entered in favor of defendants.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendants EGS Financial Care Inc. and First Contact, LLC.'s Motion for Judgment on the Pleadings as to Count II of Plaintiff's Complaint (ECF #27) is **GRANTED**.

So ordered this 18 day of June 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

6